UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| MITCHELL SCOTT, )<br>    No. 394044, )<br>    )<br>    **Plaintiff,** )<br>    )<br>v. )<br>    )<br>**WARDEN CHERRY LINDAMOOD,** )<br>*et al.*, )<br>    )<br>    **Defendants.** ) | No. 1:17-cv-00007<br>JUDGE CRENSHAW |

## M E M O R A N D U M   O P I N I O N

Mitchell Scott, an inmate of the South Central Correctional Facility in Clifton, Tennessee, brings this *pro se, in forma pauperis* action pursuant to 42 U.S.C. § 1983 against Warden Cherry Lindamood, Unit Manager f/n/u Staggs, and Sergeant f/n/u Trefton, alleging violations of the Plaintiff's civil rights. (Doc. No. 1). As relief, the Plaintiff seeks compensatory and punitive damages and injunctive relief. (Id. at p. 2).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.   PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary

1

dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). Id. § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**II.     Section 1983 Standard**

Plaintiff brings his federal claims pursuant to 42 U.S.C. § 1983.    Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights,

2

privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

### III. Motion to Amend

After filing his complaint, the Plaintiff filed a motion to amend his complaint "to add proper defendants." (Doc. No. 3). "The court should freely give leave [to amend] when justice so requires." Rule 15(a), Fed. R. Civ. P.; Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000). A motion to amend should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility. Ziegler v. IBP Hog Market, Inc., 249 F.3d 509, 519 (6th Cir. 2001); see Foman v. Davis, 371 U.S. 178, 182 (1962).

There is no evidence before the Court suggesting any intent on the part of the Plaintiff to delay or prejudice this action. Therefore, the Court will grant the Plaintiff's motion to amend. The following individuals will be added as Defendants to this action: Tony Parker, Captain Keeton, Sergeant Villanova, and Donald Bright.

### IV. Alleged Facts

The amended complaint[1] alleges that, on November 30, 2016, while incarcerated at the South Central Correctional Complex, the Plaintiff informed Defendant Sergeant f/n/u Trefton that the Plaintiff needed to clean his cell "in order to pray." (Doc. No. 1 at p. 2). According to the amended complaint, the Plaintiff is a Sunni Muslim, he prays to Allah five times a day, his cell was filthy, and

---

[1]The Court will consider the allegations raised in both the original and amended complaint as the *pro se* Plaintiff did not restate his original allegations in the amended complaint but it is clear from the Plaintiff's motion to amend that he did not intend to relinquish the claims raised in his original complaint.

3

he needed to clean his cell before praying. (Id.) The complaint alleges that Defendant Trefton told the Plaintiff that "he had to wait until Sunday, December 4, 2016." (Id.)

The complaint further alleges that, on December 26, 2016, the Plaintiff's arm was in the "pie hole" asking for his property and Defendant Donald Bright "got so frustrated with [the Plaintiff] he slam[med the Plaintiff's] wrist . . . then he told [the Plaintiff] that he should have broken [the Plaintiff's] hand." (Doc. No. 3 at pp. 5-6). Afterwards, Defendant Trefton entered the area and Defendant Bright said that he was not getting any of the Plaintiff's property or a grievance form, and that "I should've broken your damn wrist." (Id. at p. 6). Defendant Trefton did not respond or take any action. Defendant Bright then put a lock on the pie flap to Plaintiff's cell and said, "We ain't [sic] eating for the next (4) four days he work[ed]." (Id.) An hour or so later, Defendant Captain f/n/u Keeton came to the Plaintiff's cell and, according to the complaint, "if it wasn't for him [the Plaintiff's] hand would have probably suffer[ed] nerve damage." (Id.)

**V.     Analysis**

    A.     <u>Individuals not discussed in the complaint</u>

First, while the complaint names Cherry Lindamood, Tony Parker, f/n/u Staggs, f/n/u Villanova as Defendants to this action, the Plaintiff has not alleged any specific personal involvement by any of these Defendants in the events described in the complaint. None are even mentioned in the narrative section of the original or amended complaint. A plaintiff must identify the right or privilege that was violated and the role of the defendant in the alleged violation, <u>Dunn v. Tennessee</u>, 697 F.2d 121, 128 (6th Cir. 1982), and the Plaintiff here has failed to do so with regard to Defendants Lindamood, Parker, Staggs, and Villanova. Thus, the Plaintiff's claims against these Defendants must be dismissed.

4

In the event that the Plaintiff's § 1983 claims against Defendants Lindamood, Parker, Staggs or Villanova are premised on a Defendant's response, or lack of response, to the Plaintiff's grievances and/or complaints, the claims still are subject to dismissal. Although the Plaintiff may feel that his grievances were not taken seriously or handled properly, a Plaintiff cannot premise a § 1983 claim on allegations that the an institution's grievance procedure was inadequate and/or unresponsive because there is no inherent constitutional right to an effective grievance procedure in the first place. See Hewitt v. Helms, 459 U.S. 460, 467 (1983)(overruled in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995)); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). Since a prisoner does not have a constitutional right to an effective or responsive grievance procedure, any claims based on any Defendant's failure to respond to Plaintiff's grievances do not state a claim upon which relief can be granted.

Additionally, while the Plaintiff names Captain Keeton as a Defendant to this action, the Plaintiff's only mention of Captain Keeton is to allege that, without Keeton's intervention, the Plaintiff's injury likely would have been worse. The Plaintiff does not allege that Keeton played any role in violating the Plaintiff's constitutional or civil rights. Consequently, the Plaintiff's claims against Defendant Keeton will be dismissed.

B.  First Amendment claims

Next, the Plaintiff alleges that he was denied the right to practice his religion by Defendant Trefton. Prison inmates do not lose their First Amendment right to exercise their religion because of incarceration. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987). However, "the circumstances of prison life may require some restriction on prisoners'

5

Case 1:17-cv-00007 Document 9 Filed 04/06/17 Page 5 of 9 PageID #: 48

exercise of their religious beliefs." Walker v. Mintzes, 771 F.2d 920, 929 (6th Cir.1985). The First Amendment does not require that prison officials provide inmates with the best possible means of exercising their religious beliefs, nor does it require that general prison policies and concerns become subordinate to the religious desires of any particular inmate; the internal administration of a correctional facility is a function legitimately left to the discretion of prison administrators. See O'Lone, 482 U.S. 342, 348; Bell v. Wolfish, 441 U.S. 520, 547, 99 S. Ct. 1861, 60 L.Ed.2d 447 (1979); Procunier v. Martinez, 416 U.S. 396, 405, 94 S. Ct. 1800, 40 L.Ed.2d 224 (1974), overruled on other grounds by Thornburgh v. Abbott, 490 U.S. 401, 109 S. Ct. 1874, 104 L.Ed.2d 459 (1989).

Although it is unclear whether the Plaintiff ultimately will prevail on his claim against Defendant Trefton as the factual record is not fully developed, the allegations surrounding the refusal of Defendant Trefton to permit the Plaintiff to pray and/or exercise his religion, are not frivolous and survive the required PLRA screening.

C.     Excessive force claims

The complaint alleges that Defendant Bright used excessive force when he slammed the cell "pie flap" shut on the Plaintiff's hand on December 26, 2016, resulting in injuries to the Plaintiff's hand or wrist. (Doc. No. 3 at p. 5).

It appears that the Plaintiff was a convicted prisoner, not a pre-trial detainee, at the time of the alleged use of excessive force. The legal status of an alleged victim of excessive force is significant because the conduct of the offending officer must be analyzed under the standard appropriate to the applicable constitutional provision. See Coley v. Lucas County, Ohio, 799 F.3d 530, 538-39 (6th Cir. 2015)("The Supreme Court has recently clarified . . . that when assessing pretrial detainees excessive force claims we must inquire into whether the plaintiff shows 'that the

6

force purposefully or knowingly used against him was objectively unreasonable.'")(quoting Kingsley v. Hendrickson, ___ U.S. ___, ___ 135 S. Ct. at 2473 (2015)).

Under the Eighth Amendment, which applies to convicted prisoners, an officer's conduct will be found to amount to cruel and unusual punishment "when the[] 'offending conduct reflects an unnecessary and wanton infliction of pain.'" Cordell v. McKinney, 759 F.3d 573, 580 (6th Cir. 2014)(quoting Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011)). In examining an excessive force claim under the Eighth Amendment, the constitutional analysis has both a subjective and an objective component, requiring the court to determine "whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm," and whether "the pain inflicted was sufficiently serious." Cordell, 759 F.3d at 580 (internal quotation marks and citations omitted) (alteration added). The heightened Eighth Amendment standard acknowledges that "'[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law.'" Id. (quoting Combs v. Wilkinson, 315 F.3d 548, 556 (6th Cir. 2002))(alteration in original).

In determining whether the force used was applied in a good faith effort to restore discipline or rather inflicted for a malicious purpose, it is "proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson v. McMillian, 503 U.S. 1, 8, 112 S. Ct. 995, 117 L.Ed.2d 156 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 321, 106 S. Ct. 1078, 89 L.Ed.2d 251 (1986)).

"While the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred."

7

Cordell, 759 F.3d at 581 (citing Wilkins v. Gaddy, 559 U.S. 34, 37, 130 S. Ct. 1175, 175 L.Ed.2d 995 (2010)). "'When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident.'" Cordell, 759 F.3d at 581 (quoting Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 117 L.Ed.2d 156 (1992)) (alteration in original). *De minimus* uses of physical force are generally excluded from recognition under an Eighth Amendment analysis, "provided the use of force is not of a sort 'repugnant to the conscience of mankind.'" Hudson, 503 U.S. at 10, 112 S. Ct. 995 (quoting Whitley v. Albers, 475 U.S. 312, 318–22, 106 S. Ct. 1078, 89 L.Ed.2d 251 (1986)). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id. at 8, 112 S. Ct. 995. In the end, a determination of what constitutes "unnecessary and unwanton infliction of pain," is "contextual and responsive to contemporary standards of decency." Hudson, 503 U.S. at 8, 112 S. Ct. 995.

Based on the allegations in the complaint, the Court finds that the Plaintiff states an excessive force claim under § 1983 against Defendant Bright in his individual capacity. Because it is unclear what role exactly Defendant Trefton played in the incident, the Court declines to dismiss any claims against Defendant Trefton related to the pie flap incident. Although it is unclear whether the Plaintiff will ultimately prevail on these claims, the Court finds that the allegations of the complaint survive the required PLRA's screening and warrant further factual development.

## VI. Conclusion

As set forth above, the Plaintiff's motion to amend (Doc. No 3) will be granted. The Court has reviewed the complaint pursuant to the PLRA and finds that the complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983 as to Defendants Lindamood, Parker,

8

Staggs, Villanova, and Keeton. 28 U.S.C. § 1915A. Those claims and Defendants will be dismissed. As to Defendants Bright and Trefton, the Court finds that the complaint states non-frivolous § 1983 claims for the use of excessive force under the Eighth Amendment, and the Plaintiff's claims as to these Defendants shall proceed for further development. Additionally, the Plaintiff's § 1983 claim under the First Amendment against Defendant Trefton states a non-frivolous claim and shall proceed.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE