IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

MITCHELL SCOTT                    )
                                  )
   v.                             )   NO: 1:17-0007
                                  )
WARDEN CHERRY LINDAMOOD, et al.   )


TO: Honorable Waverly D. Crenshaw, Jr., Chief District Judge


# REPORT AND RECOMMENDATION

By Order entered April 6, 2017 (Docket Entry No. 10), the Court referred this prisoner civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending is the motion to dismiss filed by Doreen Trafton (Docket Entry No. 16), to which Plaintiff has not filed a response. For the reasons set forth below, the undersigned respectfully recommends that the motion be granted and Defendant Trafton be dismissed from this action.

## I. BACKGROUND

Mitchell Scott ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Hardeman County Correctional Facility in Whiteville, Tennessee. He filed this lawsuit *pro se* and *in forma pauperis* on January 30, 2017, seeking monetary and injunctive relief under 42 U.S.C. § 1983 for violations of his constitutional rights

alleged to have occurred during his previous confinement at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee.

Upon the Court's initial review of the lawsuit under 28 U.S.C. §§ 1915(e)(2) and 1915A, Plaintiff was found to have alleged: 1) an arguable First Amendment claim against Correctional Sergeant Doreen Trafton ("Trafton")[1]; and 2) an arguable Eight Amendment claim against Trafton and Correctional Officer Donald Bright ("Bright"). *See* Memorandum Opinion (Docket Entry No. 9) at 5-8.[2] With respect to the First Amendment claim, Plaintiff asserts that he is a Muslim who prays five time a day. He alleges that Defendant Trafton refused to provide him with a cleaning kit to clean his cell from November 30, 2016, to December 4, 2016, which he contends interfered with his ability to engage in his prayers because it would be disrespectful to pray in a "filthy" cell. *See* Complaint (Docket Entry No. 1) at 2. In support of his Eighth Amendment claim, Plaintiff alleges that he was subjected to the use of excessive force on December 26, 2016, when Bright slammed the "pie flap" slide door on Plaintiff's wrist while Plaintiff had his arm extended through the cell door opening. *See* Amended Complaint (Docket Entry No. 3-1) at 6. Plaintiff alleges that an unnamed correctional sergeant and Captain f/n/u Keeton subsequently came into the area and failed to punish or reprimand Bright when Bright said that he "did not care" and that he "should have broken" Plaintiff's wrist. *Id*. at 8.

Defendant Bright has filed an answer. *See* Docket Entry No. 18. In lieu of an answer, Defendant Trafton has filed the pending motion to dismiss. Defendant Trafton argues that she

---

[1] Plaintiff incorrectly spelled Defendant Trafton's last name in his pleadings as "Trefton."

[2] Plaintiff's claims against several other defendants were dismissed for failure to state a colorable claim for relief under Section 1983. *Id*. at 8-9.

should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiff's allegations are insufficient to state a claim against her upon which relief can be granted. She contends that Plaintiff's allegation that she did not give him cleaning supplies fails to show that she infringed upon Plaintiff's First Amendment right to freely exercise his religious beliefs. With respect to Plaintiff's Eighth Amendment claim, Defendant Trafton contends that Plaintiff's allegations fail to specifically identify her as being involved in using excessive force against Plaintiff in any manner and, even if it is assumed that she was the unnamed sergeant referred to by Plaintiff in his pleadings, his allegations are not sufficient to show that she acted or failed to act in a manner that would support a claim of constitutional liability against her.

Plaintiff has not responded in any manner to the motion to dismiss. In fact, the docket does not show that Plaintiff has made any filings in this action since returning completed service packets to the Clerk's Office in April 2017. *See* Docket Entry No. 13.

## II. STANDARD OF REVIEW

A motion to dismiss filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the well-pleaded allegations contained in the complaint and construe the complaint in the light most favorable to the plaintiff. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). Although a complaint need not contain detailed factual allegations, the factual allegations supplied must be enough to show a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-61, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A claim has

3

facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. In reviewing the sufficiency of the complaint, the Court need not accept as true legal conclusions or unwarranted factual inferences. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

### III. CONCLUSIONS

The motion to dismiss of Defendant Trafton should be granted. Even when Plaintiff's factual allegations are taken as true and are given the most generous reading, his allegations are simply inadequate to support constitutional claims upon which relief can be granted against Defendant Trafton.

While prison inmates do not lose their First Amendment right to exercise their religion because of their incarceration, *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348, 107 S.Ct.2400, 96 L.Ed.2d 282 (1987), "the circumstances of prison life may require some restriction on prisoners' exercise of their religious beliefs." *Walker v. Mintzes*, 771 F.2d 920, 929 (6th Cir. 1985). Plaintiff's allegation that he was not immediately provided with a cleaning kit and could not clean his cell for approximately four days until he obtained a cleaning kit on what appears to be the regularly scheduled day for distributing cleaning kits is an allegation that simply fails to show an event that rises to the level of a constitutional infringement upon Plaintiff's ability to practice his religious beliefs. The First Amendment does not require that prison officials provide inmates with the best possible means of exercising their religious beliefs nor does it require that general prison policies and concerns become subordinate to the religious desires of any particular inmate, and the internal administration of a correctional facility is a function legitimately left to the discretion of prison

4

administrators. *See O'Lone*, *supra*; *Bell v. Wolfish*, 441 U.S. 520, 547, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *Procunier v. Martinez*, 416 U.S. 396, 405, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974), *overruled on other grounds* by *Thornburgh v. Abbott*, 490 U.S. 401, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989).

Plaintiff's allegations concerning his excessive force claim are likewise insufficient to support a claim for relief against Defendant Trafton. A defendant cannot be held individually liable under Section 1983 for constitutional violations absent a showing that the defendant was personally involved in some manner in the allegedly unconstitutional conduct. *Miller v. Calhoun County*, 408 F.3d 803, 817, n.3 (6th Cir. 2005); *Hardin v. Straub*, 954 F.2d 1193, 1196 (6th Cir. 1992). Plaintiff does not allege that Trafton used excessive force against him, and he further fails to specifically identify her as having a role in the aftermath of the use of force by Defendant Bright. Trafton is not specifically mentioned anywhere in Plaintiff's pleadings regarding this claim. Although an unnamed correctional sergeant is referred to by Plaintiff in his pleadings, there are no facts upon which a reasonable inference can be made that Trafton is the unnamed individual.[3] The Court cannot supply facts that are not alleged by Plaintiff, and the Court is not required to create Plaintiff's claims for him. *See Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215 (6th Cir. 2000); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992); *Bell v. Tennessee*, 2012 WL 996560 at *9 (E.D. Tenn. March 22, 2012).

---

[3] Two facts weigh against any reasonable inference that Defendant Trafton was the unnamed correctional sergeant. First, Plaintiff was clearly aware of Defendant Trafton's identity by late December 2016, when the excessive force claim arose since the cell cleaning events involving Trafton occurred in November 2016. Second, Defendant Trafton is a female, yet Plaintiff uses a male pronoun "he the sergant (sic) just look at me" in referring to the unnamed sergeant. *See* Docket Entry No. 3-1 at 6.

5

## RECOMMENDATION

Based on the foregoing, the undersigned Magistrate Judge respectfully RECOMMENDS that the motion to dismiss (Docket Entry No. 16) filed by Defendant Doreen Trafton be GRANTED and that Defendant Trafton be DISMISSED from the lawsuit.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge