IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

MITCHELL SCOTT )
)
v. ) NO: 1:17-0007
)
WARDEN CHERRY LINDAMOOD, et al. )

**TO: Honorable Waverly D. Crenshaw, Jr., Chief District Judge**

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered April 6, 2017 (Docket Entry No. 10), the Court referred this prisoner civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending is a motion for summary judgment filed by Defendant Donald Bright (Docket Entry No. 27), to which Plaintiff has not filed a response. For the reasons set forth below, the undersigned respectfully recommends that the motion for summary judgment be granted and this action be dismissed.

## I. BACKGROUND

Mitchell Scott ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Hardeman County Correctional Facility in Whiteville, Tennessee. He filed this lawsuit *pro se* and *in forma pauperis* on January 30, 2017, seeking monetary and injunctive relief under 42 U.S.C. § 1983 for violations of his constitutional rights

alleged to have occurred during his previous confinement at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee. *See* Complaint (Docket Entry No. 1). Plaintiff subsequently filed an amended complaint providing additional factual allegations. *See* Amended Complaint (Docket Entry No. 3).

Upon the Court's initial review of the lawsuit under 28 U.S.C. §§ 1915(e)(2) and 1915A, Plaintiff was found to have alleged: 1) an arguable First Amendment claim against Correctional Sergeant Doreen Trafton ("Trafton"); and 2) an arguable Eighth Amendment claim against Trafton and Correctional Officer Donald Bright ("Bright"). *See* Memorandum Opinion (Docket Entry No. 9) at 5-8.[1] Process was issued and served upon the two defendants. Defendant Bright filed an answer to the complaint. *See* Docket Entry No. 18. In lieu of an answer, Defendant Trafton filed a motion to dismiss for failure to state a claim. By Order entered January 24, 2018 (Docket Entry No. 24), the Court granted Defendant Trafton's motion, which was unopposed by Plaintiff, and she was dismissed from the action. A scheduling order was entered setting out a period for pretrial activity in the case. *See* Docket Entry No. 21.

Plaintiff's remaining Eighth Amendment claim against Defendant Bright is based on allegations that Bright used excessive force against Plaintiff on December 26, 2016.[2] Specifically, Plaintiff alleges that he had his arm extended through the "pie hole" opening in his cell door and was asking for "my property and a grievance." *See* Amended Complaint (Docket Entry No. 3-1) at 5. He alleges that Bright became frustrated with Plaintiff and slammed the door to the "pie hole" on

---

[1] Plaintiff's claims against several other defendants were dismissed for failure to state a colorable claim for relief under Section 1983. *Id*. at 8-9.

[2] Plaintiff's pleadings do not actually set out allegations regarding this incident. Instead, the allegations are contained in copies of prison grievances that are attached to his amended complaint.

2

Plaintiff's wrist and then put a lock on the pie flap. *Id*. 5-6. Plaintiff alleges that he was "stuck unable to move my wrist" until another SCCF Captain Keeton came into the housing unit. *Id*. at 6. He further alleges that Defendant Bright's conduct happened in front of another correctional officer and that Bright made comments that "did not care," "we ain't eating fort the next four days," and "I should've broken your damn wrist." *Id*. at 6.

On March 22, 2018, Defendant Bright filed the pending motion for summary judgment in his favor. In support of his motion, Defendant Bright relies upon: (1) his own declaration (Docket Entry No. 27-1); (2) the declarations of SCCF Captain Gregory Keeton (Docket Entry No. 27-2), SCCF Grievance Chairperson Leigh Staggs (Docket Entry No. 27-3), SCCF Case Manager Matthew Weaver (Docket Entry No. 27-4), Hardeman County Correctional Facility Health Services Administrator John Borden (Docket Entry No. 28-2), and SCCF Health Services Administrator Jammie Garner (Docket Entry No. 28-3); and, (3) a Statement of Undisputed Material Facts (Docket Entry No. 28-1).

Defendant Bright raises two arguments for summary judgment. First, he asserts that Plaintiff failed to exhaust his claim through administrative remedies at the SCCF prior to pursuing the claim in his lawsuit and, thus, failed to comply with the exhaustion requirement of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). *See* Memorandum in Support (Docket Entry No. 28) at 4-8. Second, Defendant Bright denies using force against Plaintiff and argues that the undisputed facts weigh against any reasonable finding that he violated Plaintiff's constitutional rights. *Id*. at 8-15. Bright asserts that, on the day in question, he issued to Plaintiff a prison disciplinary charge for blocking the food port of his cell door and preventing Bright from securing the food port door, a charge to which Plaintiff eventually pled guilty. *See* Declaration of Bright at ¶¶ 7-9. Bright contends

3

that Plaintiff did not raise allegations during the disciplinary proceedings about being subjected to the use of excessive force. *Id.* at ¶ 10. He further contends that: (1) there is no record that Plaintiff complained to other prison officials about the alleged excessive force, *see* Declaration of Weaver at ¶¶ 7-8; (2) there are no medical records showing that Plaintiff made any complaints about suffering excessive force and/or an injury to his wrist, *see* Declaration of Garner; and, (3) Defendant Keeton denies witnessing Plaintiff with his arm or wrist locked in the food port of his cell door as alleged by Plaintiff. *See* Declaration of Keeton at ¶¶ 5-7.

By Order entered March 29, 2018, Plaintiff was notified of the motion for summary judgment, given a deadline of May 11, 2018, to file a response, and advised that his failure to respond could result in the dismissal of his case. *See* Docket Entry No. 29. However, Plaintiff has not responded in any manner to the motion. In fact, the docket shows that Plaintiff has not made any filings in this action since returning completed service packets to the Clerk's Office in April 2017. *See* Docket Entry No. 13.

## II. STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to

determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

### III. ANALYSIS

A. The Applicable Constitutional Standard

The Eighth Amendment prohibits the wanton and unnecessary infliction of pain upon a prison inmate, *Whitley v. Albers*, 475 U.S. 312, 319-20, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986), and the unjustified infliction of bodily harm upon a prisoner by a prison guard gives rise to a claim under 42 U.S.C. § 1983. *Caldwell v. Moore*, 968 F.2d 595, 599 (6th Cir. 1992); *Franklin v. Aycock*, 795 F.2d 1253, 1258 (6th Cir. 1986). Because the Eighth Amendment does not protect against ordinary

torts or claims of negligence, Plaintiff's claim requires proof of a level of objective severity and mental culpability that is necessary to implicate constitutional protections. Accordingly, Plaintiff must show that he was subjected to an action that rises to the level of constitutional magnitude. *See Hudson v. McMillian*, 503 U.S. 1, 9-10, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).

B. Merits of Plaintiff's Eighth Amendment Claim

Although Plaintiff's allegations were sufficient to permit his claim against Defendants Bright to survive initial frivolity review, he may not rely solely upon the allegations of his pleadings at this stage of the proceedings. When a motion for summary judgment is properly supported under Rule 56, such as Defendant Bright's motion, the non-moving party may not merely rest on the allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact that requires that the case proceed to trial. *See Celotex Corp.*, 477 U.S. at 323-24; *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002); *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989). As the Sixth Circuit has noted, when a defendant files a motion for summary judgment, the plaintiff is challenged to "put up or shut up" on critical issues. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). Plaintiff's *pro se* status does not relieve him of this obligation, which is a threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. *Sixty Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987).

Plaintiff has not satisfied this threshold obligation. He has not responded to Defendant Bright's motion, has not rebutted Bright's evidence or arguments, and has not supported his claim

with any actual evidence. Additionally, he has not specifically responded to Defendant Bright's Statement of Undisputed Facts, as required by Rule 56.01(c) of the Local Rules of Court, and his failure to respond "shall indicate that the asserted facts are not disputed for purposes of summary judgment." Local Rule 56.01(g). Accordingly, the Court is permitted to rely upon the facts set forth by Defendant Bright as the undisputed evidence.

The undisputed evidence runs counter to any reasonable finding that Defendant Bright used excessive force against Plaintiff by shutting the food port door on his wrist and locking his wrist in the door. First, Defendant Bright's specific denial of the alleged incident is unrebutted by Plaintiff, as is Captain Keeton's denial that he observed Plaintiff with his wrist locked in the food port opening and released his wrist from being locked in the door. Second, the undisputed evidence shows that Plaintiff made no complaints during the prison disciplinary proceeding about Defendant Bright's alleged use of excessive force, despite the fact that the disciplinary charge at issue was based on Plaintiff refusing to remove his arm from the food port door on the day in question. Third, the undisputed evidence shows that Plaintiff did not make any complaints to medical personnel about any injury to his wrist at or after the time of the alleged incident.

After review of the record before the Court, the Court finds that summary judgment should be granted to Defendant Bright. Plaintiff is not entitled to a trial solely on the basis of his allegations, *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 861 (6th Cir. 1986), and given the dearth of evidence from Plaintiff supporting his claim, any factual questions fail to rise to the level of genuine issues of material fact that require that this case proceed to trial. The only actual evidence before the Court is that presented by Defendant Bright. In light of this undisputed evidence and in light of the

lack of any supporting evidence from Plaintiff, no reasonable jury could find that Defendant Bright violated Plaintiff's Eighth Amendment rights.

C. PLRA Exhaustion

The Court finds additional support for dismissal of the claim against Defendant Bright because of Plaintiff's failure to exhaust available administrative remedies for this claim prior to filing his lawsuit. 42 U.S.C. § 1997e(a) of the PLRA requires a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 to first exhaust all available administrative remedies before filing a lawsuit about the conditions. *See Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). The PLRA's exhaustion requirement is mandatory. *Id*. Once the affirmative defense of failure to exhaust is raised and supported, the burden falls to the prisoner plaintiff to present significant probative evidence showing that he has complied with the PLRA's requirement of exhaustion. *See Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011).

Defendant Bright has set forth undisputed evidence showing that an administrative grievance system is available to inmates at the SCCF that allows inmates to internally grieve their complaints through a multi-step grievance process. *See* Declaration of Staggs at ¶¶ 4-12. Defendants have also set forth undisputed evidence showing that Plaintiff failed to properly grieve his claim against Bright. *Id*. at ¶¶ 13-17. Although Plaintiff attempted to file a grievance about Bright's alleged conduct, *see* Docket Entry No. 3-1 at 3-8, it appears that the grievances did not comply with the grievance policy and were not pursued by Plaintiff though the completion of the grievance process. To properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the procedural rules that apply to the grievance. *Jones v. Bock*, 549 U.S. 199, 218,

127 S.Ct. 910, 166 L.Ed.2d 798 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). Further, a prisoner must pursue his prison grievance through the final level of any available administrative appeal and he cannot abandon the grievance process. *See Hartsfield v. Vidor*, 199 F.3d 305, 306 (6th Cir. 1999).

Plaintiff has not responded to the lack of exhaustion defense and has not set forth any significant probative evidence showing either that he fully exhausted his claim through the grievance process at the SCCF prior to filing his lawsuit or that the grievance process at the SCCF was not available to him for his claim, which would excuse him from showing compliance with the exhaustion requirement. *See Ross v. Blake*, __ U.S. __, 136 S.Ct. 1850, 1858-59, 195 L.Ed.2d 117 (2016). Accordingly, the claim is subject to dismissal because of Plaintiff's failure to show his compliance with the PLRA's exhaustion requirement.[3]

### RECOMMENDATION

Based on the forgoing, the undersigned Magistrate Judge respectfully RECOMMENDS that the motion for summary judgment (Docket Entry No. 27) of Defendant Donald Bright be GRANTED and that his action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific

---

[3] Although Plaintiff fails to satisfy his burden of showing compliance with the exhaustion requirement, the Court notes that there is not even an acknowledgment in Defendant Bright's motion of the fact that Plaintiff attempted to initiate the grievance process. *See* Docket Entry No. 3-1 at 3-8. While Defendant clearly infers that the grievances Plaintiff filed about Bright did not comply with the grievance policy rules, this issue should have been addressed more directly in Defendant's motion given how central it is to the exhaustion analysis.

portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of such objections. *See* Federal Rule 72(b)(2) and Local Rule 72.03(b)(2).

        Respectfully submitted,

        BARBARA D. HOLMES
        United States Magistrate Judge